```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF PUERTO RICO


ARQUELIO RUIZ-RODRIGUEZ,            *
                                    *
     Plaintiff                      *
                                    *
vs.                                 *        CIVIL NO. 98-1058 (JP)
                                    *
MANUEL MARTINEZ ARROYO,              *
                                    *
     Defendant                      *
                                    *
```

**OPINION AND ORDER**

**I.  INTRODUCTION**

The Court has before it Petitioner Arquelio Ruiz-Rodríguez's "Petition for Writ of Habeas Corpus" (**docket No. 2**), as well as the Defendant's answer thereto (**docket No. 15**). In his answer, written in the form of a memorandum of law, the Defendant argues that the Petitioner's petition for a writ of *habeas corpus* should be dismissed for failure to exhaust available state remedies prior to filing his petition. The Defendant's answer is essentially a motion to dismiss, and the Court shall therefore treat it as such. For the following reasons, the Court hereby **GRANTS** the Defendant's motion to dismiss and **DISMISSES** the Petitioner's petition **WITHOUT PREJUDICE.**

**II.  FACTUAL BACKGROUND**

The Petitioner was convicted for first degree murder, attempted murder, injury, and violations to Articles 6 and 8 of the Puerto Rico Weapons Law by the Court of First Instance of Puerto Rico, Ponce Superior Part, on April 10, 1991. The record shows that the

CIVIL NO. 98-1058 (JP)          -2-

Petitioner raised an insanity defense before the Superior Court, and further shows that the Petitioner demonstrated violent and aggressive behavior in front of the jury.  At trial, counsel for the Petitioner requested that the Court declare a mistrial due to the jury having seen the Petitioner acting in a violent and aggressive fashion, which he argued was prejudicial to the Petitioner.  The Court denied the request, and the jury returned a guilty verdict.

The Petitioner appealed his conviction to the Puerto Rico Court of Appeals, South Section, in 1992, which upheld the conviction, after which he filed a petition for Certiorari with the Supreme Court of Puerto Rico, which denied the petition and affirmed the ruling of the Court of Appeals.  The Petitioner then filed several motions for reconsideration at the Superior Court level, all of which were denied, followed by several other motions, including an *habeas corpus* petition under Puerto Rico Criminal Procedure Rule 192.1. All of the motions and petitions were denied.  The Petitioner, who remains incarcerated to this date, then filed the instant petition for a writ of *habeas corpus* with the United States District Court for the District of Puerto Rico, seeking that this Court overturn his conviction.

**III. LEGAL FRAMEWORK AND ANALYSIS**

    **A.**  **Legal Standard for a Motion to Dismiss**

According to the Supreme Court, a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of

CIVIL NO. 98-1058 (JP)         -3-

facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512, 122 S.Ct. 992, 995 (2002). Moreover, according to the First Circuit, the Court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992). In addition, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." González-Pérez v. Hospital Interamericano de Medicina Avanzada, 355 F.3d 1, 5 (1st Cir. 2004). Finally, under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

    **B.**   ***Habeas* Framework**

A petition for writ of *habeas corpus* may be brought forth by a person in custody pursuant to the judgment of a State court, if such custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A writ may not be granted unless the petitioner satisfies certain requirements, including showing (i) that he or she has exhausted the remedies available in the courts of the State, (ii) that there is an absence of available State corrective process, or (iii) that circumstances exist that render the process ineffective to protect his or her rights. 28 U.S.C. § 2254(b). A petitioner shall not be deemed to have

CIVIL NO. 98-1058 (JP)          -4-

exhausted the remedies available in the courts of the State if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). "Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal." Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997); citing United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 17, 46 S.Ct. 1, 2-3, 70 L.Ed. 138 (1925); Mele v. Fitchburg Dist. Court, 850 F.2d 817, 820 (1st Cir. 1988). An *habeas* petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of his federal claim, a burden which is discharged by the petitioner demonstrating that he tendered each claim "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Id., at 261; quoting Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir. 1994) (internal citations omitted).

In this case, Plaintiff has not alleged that the circumstances described in clauses (ii) and (iii) above are applicable, so the Court will discuss clause (i): Plaintiff must have exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed. 2d 379 (1982). See also Rodríguez v. Warden, Escuela Indus. de Mujeres, 791 F. Supp. 41 (D.P.R. 1992) (federal *habeas* petitioner fails to exhaust all state court remedies when he fails to avail himself of state post-conviction court proceedings). The exhaustion of remedies requirement allows "the

CIVIL NO. 98-1058 (JP)            -5-

state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Toulson v. Beyer, 987 F.2d 984, 986 (3rd Cir. 1993); citing Vásquez v. Hillery, 474 U.S. 254, 257, 106 S.Ct. 617, 88 L.Ed. 2d 598 (1986) (additional citations omitted). The *habeas* petitioner bears the burden of proof with respect to the exhaustion of available state remedies.  See Landano v. Rafferty, 897 F.2d 661, 668 (3rd Cir. 1990), cert. denied, 498 U.S. 811, 111 S.Ct. 46, 112 L.Ed. 2d 23 (1990); Santana v. Fenton, 685 F.2d 71, 73 (3rd Cir. 1982), cert. denied, 459 U.S. 1115, 103 S.Ct. 750, 74 L.Ed. 2d 968 (1983).

It is clear from the record that this Court lacks jurisdiction to entertain this petition because the Petitioner failed to exhaust his remedies under state law.  The Petitioner filed a petition for *habeas corpus* at the Superior Court level, which was denied. However, as Rule 192.1 of the Puerto Rico Rules of Criminal Procedure clearly states, "the order entered by the Court of First Instance in [habeas corpus] cases, in original proceedings or on appeal of the [State] District Court, shall be reviewable by the Supreme Court by way or [sic] certiorari." 34 P.R. Laws Ann. App. II R. 192.1.  The burden is on the Petitioner to prove that he has exhausted his remedies under State law (Landano, 897 F.2d 661), and the Court has no evidence before it that the Petitioner has pursued his *habeas corpus* petition at the Puerto Rico Supreme Court level.

CIVIL NO. 98-1058 (JP)          -6-

The principle of exhaustion is one that federal courts have enforced consistently and vigorously. See e.g., Delgado v. Martínez, 72 F. Supp. 2d 2 (D.P.R. 1999). Because the Petitioner has failed to fully appeal his conviction to Puerto Rico's highest court by presenting his claim and availing himself of state post-conviction court proceedings available through Rule 192.1 of the Puerto Rico Rules of Criminal Procedure, 34 P.R. Laws Ann. App. II R. 192.1, this Court has no jurisdiction to entertain this *habeas corpus* petition and must therefore **DISMISS** the same for failure to exhaust State remedies.

**V.  CONCLUSION**

In light of the aforementioned analysis, the Court hereby **GRANTS** Defendant's motion to dismiss (**docket No. 15**). The Petitioner's claims are hereby **DISMISSED WITHOUT PREJUDICE** due to his failure to exhaust his remedies under State law, and therefore this Court lacks jurisdiction over his petition for a writ of *habeas corpus*.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 4th day of January, 2006.

                                                  s/Jaime Pieras, Jr.
                                              U.S. SENIOR DISTRICT JUDGE